GARY R. GLEASON (SB# 136167)
FARBSTEIN & BLACKMAN
A Professional Corporation
1820 Gateway Drive
Suite 320
San Mateo, California  94404-4024

Telephone: (650) 554-6200
Facsimile: (650) 554-6240

Attorneys for Plaintiff
Pathlink Technology Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF SANTA CLARA

| | |
|---|---|
| Pathlink Technology Corporation, ) | CASE NO.  C03-00425 JL |
| Plaintiff, ) | |
| vs. ) | |
| Steve Easton, an individual dba Apic-Worldwide, ) | **COMPLAINT FOR LIBEL AND DECLARATORY RELIEF** |
| Apic-Worldwide, a business, and Does 1-20, inclusive ) | ACTION FILED: JANUARY 31, 2003 |
| Defendants. ) | |

Plaintiff PATHLINK TECHNOLOGY CORPORATION ("PTC" or "Plaintiff") alleges as follows:

1.    Plaintiff is, and at all relevant times has been, a corporation duly formed under the laws of the State of California with its principal place of business in the County of Santa Clara, California.

2.    Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this Complaint, defendant Steve Easton

1

COMPLAINT

1  ("EASTON") is an agent and/or employee, and/or operator, and/or sole proprietor
2  of the co defendant, Apic-Worldwide ("APIC") and in doing the things alleged in
3  this Complaint was acting within the course and scope of that agency, employment,
4  operator, or sole proprietorship.

6  3. Plaintiff is informed and believes, and on that basis of that information and belief
7  alleges, that defendant APIC is a business entity, form unknown, with its principal
8  place of business being in the State of Florida.

10 4. Plaintiff does not know the true names of defendants DOES 1 through 10, inclusive
11 and therefore sues them by those fictitious names. Plaintiff will pray for relief from
12 the Court to amend this Complaint once the identity of the Does is ascertained.

14 5. Defendants EASTON and APIC are referred to as "Defendants"

16 **JURISDICTION**

18 6. A substantial federal question exists as to the application of federal copyright law.
19 Accordingly, this action arises under the United States Copyright Act, and
20 specifically 17 U.S. 512. The jurisdiction of this court is founded on 28 USC 1331.

22 7. Plaintiff is a citizen of California (i.e, a California corporation with its principal place
23 of business in California). Defendants are all citizens of Florida. In addition, the
24 amount in controversy exceeds $75,000, exclusive of interests and costs. Accordingly
25 the jurisdiction of this court is also founded on 28 USC 1332.

2

COMPLAINT

**GENERAL ALLEGATIONS**

8. On or about January 30, 2003, Defendants sent written notice(s) purportedly under the Digital Millennium Copyright Act ("DMCA") to various state and federal government agencies, and to other corporations. These notice(s) are referred to herein as the "Publication."

**FIRST CAUSE OF ACTION**

**(LIBEL)**

9. All previous paragraphs are incorporated herein as if fully set forth herein.

10. The Publication contained statements that accused Plaintiff of copyright infringement, to wit, "Pathlink Technologies decodes USENET, transfers all image files to their dedicated servers, and resells access to these archives to others to post to pay websites as content. **This is the worst intentional infringement encountered to date**." (*Bolding emphasis added*).

11. Further, the Publication contained statements that accused Plaintiff of **"'willful and blatant' theft**." (*Bolding emphasis added*).

12. Collectively, these statements in the two previous paragraphs will be referred to herein as the "Statements".

13. The Statements in the Publication is libelous on its face. It clearly exposes Plaintiff to hatred, contempt, ridicule, obloquy and loss of business and professional reputation because it accuses Plaintiff of despicable and disrespectful acts that

3

COMPLAINT

Plaintiff did not do.

14. As a proximate result of the Statements in the Publication, Plaintiff has suffered loss of its reputation, shame, mortification, and hurt feelings all to its general damage.

15. As a further proximate result of the Statements in the Publication, Plaintiff has suffered special damages in way of business, trade, professional and occupational, all to its injury.

16. The Publication was published by the Defendants with malice and oppression in that the Defendants knew that their allegations were false and inaccurate. Thus, Plaintiff seeks an award of punitive damages.

17. WHEREFORE, Plaintiff prays judgment as forth in the Prayer for Relief, below.

## SECOND CAUSE OF ACTION
### (DECLARATORY RELIEF)

18. All previous paragraphs are incorporated herein as if fully set forth herein.

19. On or about January 30, 2003, Defendants sent the Publication, to Plaintiff's potential customers, to Plaintiff's data lines provider. The Publication purported to be a "notice" under the DMCA (17 USC 512, and specifically 17 USC 512 (c)(3)).

20. The PUBLICATION, however failed to comply with the DMCA in that it:

   a. It fails to adequately identify the infringing material;

4

COMPLAINT

    b.    A review of the material in the identified Alocations@ demonstrates that it includes postings of materials by the owners of the materials posted, consists of text messages, neither of which constitute infringing materials

    c.    The PUBLICATION provides inadequate notice of what, if any, copyrights that APICS owns or represents and fails to identify the specific individuals or entities it represents;

    d.    The PUBLICATION incorrectly characterizes Pathlink as archiving materials.

    e.    The PUBLICATION was inappropriately sent to third parties.

21. Defendants sent the PUBLICATION to Pathlink with respect to items sent through its USENET service. Pathlink asserts that it is entitled to a safe harbor under 17 USC 512(a), as set forth in *Ellison v. Robertson* 189 F. Supp. 2d 1051 (2002). Defendants have stated that Plaintiff is, "not eligible for DMCA exemption status" in previous e-mails.

22. Plaintiff also asserts it is protected under 17 USC 512(c), and that it has not received a proper notice under 17 USC 512(c)(3). Defendants claim that its PUBLICATION is sufficient, even though it does not properly identify infringing material.

23. Defendants have sent previous e-mails claiming that all newsgroups are, "100% unauthorized use of copyrighted images." This statement evidences their intent to

5

COMPLAINT

1 remove all newsgroups without regard to the content carried therein, and thus destroy the USENET. This is an improper use of the DMCA.

24. Defendants used their "PUBLICATION" to spread libelous statements about Plaintiff.

25. An actual controversy has arisen and now exists between the PTC and the Defendants concerning the respective rights and duties of the parties under the DMCA.

26. Plaintiff will suffer irreparable harm if it is subjected to continued harassment by Defendants unwarranted and inappropriate use of the DMCA. Irreparable harm includes, but is not limited to the cutting off of its service by other entities and by damage to its reputation.

27. Plaintiff desires a judicial determination over issues in controversy, including but not limited to the following:

    a. That the safe harbor found at 17 USC 512(a) applies to Plaintiff;

    b. That the safe harbor found at 17 USC 512(c) applies to Plaintiff;

    c. That Plaintiffs providing of access to USENET newsgroups does not constitute an form of infringement;

    d. That Defendants' PUBLICATION did not comply with 17 USC 512(c)(3); and

    e. That Defenants' PUBLICATION was wrongfully sent to third parties;

28. Such declaration is necessary and appropriate at this time in order that Plaintiff may ascertain their rights and duties.

6

COMPLAINT

WHEREFORE, Plaintiff PTC prays judgment as forth in the Prayer for Relief,

**WHEREFORE,** Plaintiff prays for judgment as follows:

**Under the First Cause of Action:**

1. For General damages according to proof;
2. For special damages according to proof;
3. For punitive damages;

**Under the Second Cause of Action:**

1. A judicial determination over issues in controversy, including but not limited to the following:

   a. That the safe harbor found at 17 USC 512(a) applies to Plaintiff;

   b. That the safe harbor found at 17 USC 512(c) applies to Plaintiff;

   c. That Plaintiffs providing of access to USENET newsgroups does not constitute an form of infringement;

   d. That Defendants' PUBLICATION did not comply with 17 USC 512(c)(3); and

   e. That Defenants' PUBLICATION was wrongfully sent to third parties;

**For all Causes of Action**

1. For costs of suit incurred herein;
2. For such other and further relief as the Court may deem proper.

DATED: February 19, 2003                           FARBSTEIN & BLACKMAN
                                                   A Professional Corporation


                                                   By_____
                                                   Gary R. GlEASON
                                                   Attorneys for Plaintiff Pathlink Technology
                                                   Corporation

7

COMPLAINT